UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.   09CR14017-MOORE
UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
ARTHUR WESTON STAPLES,           )
                                 )
            Defendant.           )
_____ )


EXCERPT OF PROCEEDINGS
(COURT'S RULING ONLY)


                         Federal Courthouse
                         Fort Pierce, Florida
                         August 10, 2009
                         10:30 a.m.




        The above entitled matter came on for Restitution

Hearing before the Honorable K. Michael Moore, pursuant to

Notice, pages 1-13.




For the Plaintiff:  JENNIFER C. MILLIEN, AUSA


For the Defendant:  JOHN KEATS, ESQUIRE

Reporter:              Victoria Aiello
(954) 467-8204         Official Reporting Service, LLC
                       524 South Andrews Avenue
                       Suite 302-N
                       Fort Lauderdale, Florida  33301


OFFICIAL REPORTING SERVICES, LLC (954) 467-8204

Page 2

1                    (Call to Order of the Court).

2              **THE COURT:** Okay.  Well, the two statutes that we have

3       be discussing today, 3664 is the procedural or contains the

4       procedural provisions for imposing restitution.  The 2259

5       provision of Title 18 is the substantive provision.  The

6       language of 2259 is clear that notwithstanding Section 3663 or

7       3663(a), and in addition to any other civil or criminal penalty

8       authorized by law, the court shall order restitution for any

9       offense under this chapter.  The use of the word "shall" is

10      explicit and is not to be interpreted as what we would describe

11      as preparatory language.  There are no provisions that I am

12      aware of either in 2259 or in 3664 that relieves the Court or

13      inures to the benefit of a defendant in a restitution

14      proceeding for ordering restitution because of any alleged

15      failure on the part of the government to follow the procedural

16      requirements of 3664, and the defendant has not brought to the

17      Court's attention any provision in either of those two statutes

18      that relieves the Court of the obligation to follow the strict

19      mandate of 2259 in the event that the government fails to

20      comply with any procedural requirement of 3664.

21              I don't think, I have not heard any argument that the

22      offenses for which the defendant was convicted are not offenses

23      under 2995.  The Plea Agreement in the Eastern District of

24      Virginia was a two-count information charging the defendant

25      with Distribution of Child Pornography, Possession of Child

OFFICIAL REPORTING SERVICES, LLC (954) 467-8204

Page 3

1    Pornography and those were the same counts in the case in the

2    Southern District of Florida.

3             **MS. MILLIEN:** One count of distribution.

4             **THE COURT:**  One count?

5             **MS. MILLIEN:** Yes, sir.

6             **THE COURT:**  I don't think there is any question that

7    this is an offense within the meaning of the statute.

8             Subsection C of the statute provides for the

9    definition of the victim.  Victim means the individual harmed

10   as a result of a commission of a crime under this chapter

11   including in the case of a victim who's under 18 years of age,

12   incompetent, incapacitated or deceased, legal guardian of the

13   victim or representative of the victim's estate.

14            There has been some argument made that on this

15   causality issue that somehow this defendant's conduct was not

16   as egregious as some of the other defendants' conduct or that

17   this victim would have suffered harm in the absence of this

18   defendant's criminal conduct.  I think it misses the point in

19   terms of the state of the science and the harm that a victim

20   suffers as a result of the dissemination of those depictions,

21   even where the victim is not, does not have personal knowledge

22   of the defendant's activities.  So she falls within the

23   definition of a victim under the statute.

24            There is no dispute, as I can see, that the defendant

25   was in possession of the sexually explicit depictions of the

OFFICIAL REPORTING SERVICES, LLC (954) 467-8204

Page 4

1    victim.  He admitted as much in his plea.  The victim is

2    entitled to restitution under the provision of the statute as

3    set forth from various categories of damages and the defendant

4    is liable to the victim for damages under the statute.

5            As I indicated, the imposition of restitution is

6    mandatory, so I think to the extent that those are necessary

7    required findings of fact or conclusions of law, the Court

8    finds that the defendant is liable to the victim for

9    restitution under Title 18 United States Code, Section 2259.

10           With respect to the amounts, I believe the correct

11   calculation of the damages is a little bit different than what

12   I saw from the Northern District of Florida, and that was the

13   reason why I wanted to consider that exhibit, not for purposes

14   of establishing liability but for purposes of calculating the

15   damages.  By my calculations, the loss of wages and benefits

16   should be to age 67 which is the retirement age, at least for

17   Social Security purposes, I believe, for a person in the

18   victim's age group.  And that would bring the amount of wages

19   to three million-- the amount of lost wages to age 67 to

20   $3,067,671.  In terms of cost of future treatment and

21   counseling, I would adjust the amount that was entered by Judge

22   Collier in the Northern District of Florida to exclude the

23   amount of the institutional treatment because based on the

24   testimony I heard it just seemed to me that that was too

25   speculative to assess.  I understand that she may need

Page 5

1    institutional treatment, but it does seem to me that may means

2    may not.  And the burden is on the government to establish by a

3    preponderance of the evidence the likelihood that she is going

4    to require institutional treatment and the testimony did not

5    satisfy that standard.  So I would reduce the cost of future

6    treatment and counseling to $475,800, which would be a total

7    restitution due by my calculation of $3,543,471.

8              **MR. KEATS:**  Judge, again?

9              **THE COURT:**  $3,543,471.  And it is my intention to

10   enter an Amended J and C to reflect that amount.

11             Now, I do have one other concern as a result of this

12   hearing and having reviewed the PSI, it does appear to me that

13   this is a defendant in possession of assets or at least was in

14   possession of assets at the time of the preparation of the

15   Presentence Investigation Report.  And so I do have what I

16   think is a prudent concern about those assets and securing

17   those assets for the payment of any restitution.  And I'd be

18   happy to hear from the parties on that.  But I guess my concern

19   is that if we have reached the point where it is appropriate to

20   enter a restitution order, that those assets not disappear or

21   be transferred or conveyed beyond the jurisdiction of the

22   court.  And if that means imposing some sort of freeze on the

23   defendant's bank accounts or whatever other property he may

24   own, then I think we need to take that up.

25             Any comments or observations on that point?

1          **MS. MILLIEN:** The government shares the Court's

2     concern with regard to the assets that were at least owned by

3     the defendant at the time the PSI was established and would

4     certainly concur with the freezing of any assets owned by the

5     defendant at this point.

6          **MR. KEATS:** Your Honor, I would simply say that at the

7     time the Presentence Report was entered, up until the time that

8     the case was before Your Honor for sentencing, there was no

9     issue with respect to restitution as set forth in the

10    Presentence Report and as set forth in your order.  Beyond

11    that, I have nothing further to say.

12          He is in custody, as you know.  I'm told that at this

13    point he is on his way to Texas, which, of course, is something

14    we hoped to avoid, too, but apparently that didn't seem to work

15    either.  But in terms of his ability to do anything with

16    assets, I don't know.  I don't think the Court, with all due

17    respect, has jurisdiction over anyone else.  But I represent

18    him, and I would simply tell you that I have not seen him since

19    the last day we were in your court.  He is on his way to Texas

20    under the aegis of the U.S. Marshal Service and the Department

21    of Corrections. And at that point, as of today, there is

22    nothing that has prohibited anyone, quite frankly, from dealing

23    with his assets.

24          **THE COURT:**  Well, I'll leave it up to the government

25    to deal with that.  But I think if-- I would caution, for what

Page 7

1    it is worth, about any behavior going forward and even prior to

2    today's date from the time of his indictment, when he was

3    placed in jeopardy about any transfers of assets out of his

4    name into the name of another in contemplation of a restitution

5    order.  I'm not sure how the government would look upon

6    transfers in close proximity to the date of the restitution

7    order.  The government sometimes has a very fertile imagination

8    as to how to, I think the expression that they're using in

9    financial circles these days, to claw back assets.  But I'll

10   leave it up to the government to take whatever action they

11   think is appropriate in that regard.  I would suggest they look

12   carefully at any attempts previously to divest himself of his

13   assets in contemplation of a restitution order.

14           What else do we need to take up?

15           **MS. MILLIEN:** May I address the Court?

16           **THE COURT:**  Sure.

17           **MS. MILLIEN:** Your Honor, I have two issues.  One is

18   whether or not the Court is going to order this restitution to

19   be joint and several.

20           **MR. KEATS:** With who?

21           **MS. MILLIEN:** With other defendants.

22           **THE COURT:**  I will.

23           **MS. MILLIEN:** Okay.

24           **THE COURT:**  With other defendants?

25           **MS. MILLIEN:** It makes it very difficult.  I

OFFICIAL REPORTING SERVICES, LLC (954) 467-8204

Page 8

1    understand because there are so many defendants, but if we can

2    have the joint and several liability up to the restitution

3    amount.  And the reason for that, as Mr. Marsh had explained,

4    so that there isn't a windfall with regard to the restitution

5    amount. Seems like it would be in the defendant's best interest

6    to have that happen as well.

7            THE COURT:  We'll just go ahead and impose the

8    restitution jointly and severally.

9            MS. MILLIEN: May I be permitted to submit a proposed

10   order with Your Honor's findings of fact that you articulated

11   this afternoon?

12           THE COURT:  How long will it take for you to get

13   that? I mean, are you suggesting something that-- I'd like to

14   get the Judgment and Commitment order out.  That does not have

15   to be incorporated in the findings. So if you want to do that.

16           MR. KEATS: Judge, may I ask a question, just general

17   procedure. You just said that you want to get the Judgment and

18   Commitment order out. Is then today's-- whatever happens today

19   that would be the final order of the Court in this case?

20           THE COURT:  Well, it will be an Amended J and C.

21           MR. KEATS: So that Amended J and C, then, any appeal

22   time would run from the date that that order is entered?

23           THE COURT:  Has the appeal been filed?

24           MR. KEATS: No.  I was assuming that this was-- that

25   it's going to be part and parcel of the final order.

Page 9

1                THE COURT:  Okay.

2                MR. KEATS: Am I correct?

3                THE COURT:  I don't want to--

4                MR. KEATS: I understand.

5                THE COURT:  But that it-- I will enter an Amended J

6    and C.

7                MR. KEATS: That includes both the sentence and

8    restitution amount.

9                THE COURT:  Then you can govern yourself accordingly.

10               MR. KEATS: I want to be sure that's where we are.  I

11   assumed that's the way it would be.

12               MS. MILLIEN: May I have until the end of the week to

13   submit an order?

14               THE COURT:  Okay.

15               MS. MILLIEN:  A proposed order.

16               THE COURT:  Okay.

17               MS. MILLIEN: Finally, when Your Honor made the

18   specific finding that the victim fell within the definition of

19   the statute as a victim, is the Court making a specific finding

20   based on the evidence presented, the testimony presented, that

21   she was, in fact, harmed based to the commission of this

22   offense by this defendant?

23               THE COURT:  Yes.

24               MS. MILLIEN: Thank you, Judge.

25               THE COURT:  All right.  What else?

Page 10

1          **MR. KEATS:** Again, I don't mean to beat it.  I want it

2     straight in my head when I go back home.  What Your Honor is

3     going to do is amend the judgment and order with respect to the

4     entire sentencing process?

5          **THE COURT:**  Yes.

6          **MR. KEATS:** That re-sentences him to the period that

7     Your Honor sentenced him to.

8          **THE COURT:**  Well, it will amend it. It is not going

9     to change anything. It changes only with respect to the

10    restitution.

11         Now, let me say that the defendant was not present

12    today.

13         **MR. KEATS:** I waived his appearance.

14         **THE COURT:**  I understand it was waived. So--

15         **MR. KEATS:** There is no question about that.

16         **THE COURT:** I don't want an issue to come up that--

17         MR. KEATS: No.

18         **THE COURT:**  -- that this is not a re-sentencing

19    issue. It is an Amended J and C to include the mandatory

20    restitution provision.

21         **MR. KEATS:** And, but, again, what I'm trying to get

22    at, the final order is today, it is not the last time.

23         **THE COURT:**  Whenever it is entered but--

24         **MR. KEATS:** Okay.  We're on the same page I think.

25         **MS. MILLIEN:** The last issue, I have been advised by

Page 11

1   probation Your Honor needs to include the manner of payment or

2   at least a payment plan as to the amount of restitution.

3        MR. KEATS: Well, let me say to Your Honor that that's

4   again one of the difficulties here.  That is, all of that

5   information or that stuff was supposed to be-- under 3664, that

6   they were supposed to provide the Court with that information.

7   They're supposed to have made the inquiry they're supposed to

8   and none of that's been done.

9        THE COURT:  I don't know how to do it now, to be

10  frank with you.  Are you referring to a particular provision of

11  the statute? I'm asking the government.

12       MS. MILLIEN: The provision-- Probation advises me the

13  language for the restitution as relates to the payment of

14  restitution.  If you have particular language, we could include

15  that in the proposed order.

16       THE COURT:  That's going to delay the entry of the J

17  and C.

18       MR. KEATS: Could I get a copy of whatever that is?

19       THE COURT:  Sure.

20       COURTROOM DEPUTY: I have it as a macro, Judge.

21       MR. KEATS: Judge, could I have 72 hours to just

22  review that order, make any objections, so forth, just a couple

23  of days?

24       THE COURT:  I don't have any problem with you looking

25  at it, but what I'm seeing here is a restitution order that's

OFFICIAL REPORTING SERVICES, LLC (954) 467-8204

Page 12

1    different from the J and C.  And is there anything that you are

2    aware of in the statute that requires any sort of specificity

3    with respect to the amount of restitution?  What I'm suggesting

4    is, I can enter a J and C, everything will be the same with the

5    exception of restitution, put in an amount of restitution, the

6    certain amount to be imposed jointly and severally, end of

7    story.  And then enter a separate order, when we get around to

8    circulating it, that specifies whatever language you want with

9    respect to findings and a payment plan.

10             **MS. MILLIEN:** Yes. I believe the courtroom deputy

11   found the standard language that could be incorporated in the

12   Amended J and C.  I can just submit the proposed order as to

13   the findings of fact, if that's okay.

14             **THE COURT:**  I think counsel wants to see it unless

15   you want to--

16             **MR. KEATS:** If he is doing an Amended J and C, I can

17   deal with that.

18             **THE COURT:**  No.  What's the language. Read the

19   language.

20             **COURTROOM DEPUTY:** Well, I just pulled it in. It says:

21   Defendant to make restitution, including community restitution,

22   to the following payees listed below-- and then I'm supposed to

23   list them.  Then it says: If the defendant makes a partial

24   payment, each payee shall receive an approximate proportioned--

25             **MR. KEATS:** There is only one payee.

Page 13

1              **COURTROOM DEPUTY:** I will edit it.

2              If the defendant makes a partial payment, each payee

3      shall receive an approximate proportioned payment unless

4      specified otherwise in the priority order or percentage column

5      below pertaining to 18 U.S.C. Section 3664(i). All non-federal

6      victims must be paid before United States is paid.

7              **THE COURT:**  So leave that out.

8              **COURTROOM DEPUTY:** All right.

9              **THE COURT:** There is only one victim.  Leave that out

10     because we don't have any type of payment plan. It will be

11     joint and several restitution-- joint and several liability.

12             **MR. KEATS:** And you're going to go ahead and enter the

13     order--

14             **THE COURT:**  The J and C today.

15             **MR. KEATS:**  And the order on restitution after it's

16     been circulated.

17             **THE COURT:**  Okay.

18             Anything else?

19             **MS. MILLIEN:** Thank you.

20             **THE COURT:**  All right.  Thank you.

21             (Proceedings concluded.)

22             I hereby certify that the foregoing excerpt is true

23     and accurate to the best of my ability.

24

25     _____