UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14017-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

vs.

ARTHUR WESTON STAPLES, III,

   Defendant.
_____/

## RESTITUTION ORDER

  Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code §2259, and based on an evidentiary hearing, briefing of the parties (DE 46 and DE 47), and argument of counsel, the Court finds that "Amy," also known as "Misty," is a victim who has been harmed by the defendant's offense conduct in this case and orders that the defendant, ARTHUR WESTON STAPLES, III, pay restitution to "Amy" in the amount of $3,680,153.00  The Court further orders that the defendant be held jointly and severally liable for this amount with other defendants who pay restitution to "Amy" for possessing, receiving, and/or disseminating child pornography.  In support of its order, the Court sets forth below a summary of the restitution hearing and its findings.

## RESTITUTION HEARING

  On Monday, August 10, 2009, the Court held an evidentiary hearing regarding restitution in this matter.  The defendant had pled guilty to Transportation of Visual Depictions, via interstate commerce, of Minors Engaging in Sexually Explicit Conduct, in violation of Title 18, United

States Code, §2252(a)(1), in case number <u>09-14002-CR-MOORE/LYNCH</u> and to Distribution of Child Pornography, in violation of Title 18, United States Code §2252A(a)(2) and Possession of Child Pornography in violation of Title 18, United States Code §2252A(a)(5)(B), in case number <u>09-14017-CR-MOORE/LYNCH</u>. The defendant knowingly and voluntarily waived his appearance at the restitution hearing.

At the restitution hearing, the Court heard testimony from Detective Neil Spector, Mr. James Marsh, Esq., and Dr. Silberg. Detective Spector testified that, while working in an undercover capacity in an online chat room, the defendant sent him an image of child pornography via the Internet. The defendant was identified and a search warrant was executed at his home located in the Eastern District of Virginia. The defendant's computer was seized during the search and a forensic examination was performed on that computer. Hundreds of images of child pornography were recovered on the defendant's computer including six (6) known images from the "Misty" series.

The court next heard from Mr. James Marsh, Esq. Mr. Marsh testified that his client is the child victim portrayed in the "Misty" series. Mr. Marsh explained that he identifies and refers to "Misty" as "Amy," which is a pseudonym used in an effort to protect the confidentiality of his client's identity. Mr. Marsh also testified as to the claim for restitution he submitted to the United States Attorney's Office on behalf of his client and outlined the underlying basis for each amount requested. Further, Mr. Marsh made clear on the record that he was withdrawing his request on behalf of his client for any amounts due to loss of value of life.

Finally, the Court heard from Dr. Silberg, Ph.D, an expert in general child psychology, child sexual abuse and traumatic stress in children. In short, Dr. Silberg explained how the

dissemination and possession by other pedophiles of images depicting "Amy's" sexual abuse caused "Amy" to be re-victimized and has resulted in harm that is distinct from that suffered from her actual physical sexual abuse.

Dr. Silberg testified about the sexual abuse "Amy" suffered by her uncle when she was approximately eight to nine years old and the depiction of this abuse in the images of child pornography known as the "Misty series". Dr. Silberg also testified that, after the abuse was discovered and her uncle was prosecuted, "Amy" received significant treatment and counseling by another therapist. Dr. Silberg reviewed the treatment notes of the therapist who provided treatment and counseling to "Amy." Those notes reflected that by the end of her treatment in 1999, "Amy" had improved, was doing well, and had engaged in normal age appropriate activities.

Years later, however, "Amy" suffered a resurgence of the trauma and again began to suffer from post traumatic stress when she was notified about the widespread dissemination on the Internet of the images depicting "Amy's" sexual abuse as a child. Dr. Silberg testified that she personally conducted a forensic examination of "Amy" to determine the psychological effects of her continued re-victimization based upon the pornographic images of her being disseminated on the Internet. According to Dr. Silberg, "Amy's" current post traumatic stress symptoms were brought on by and are more resistant to treatment because of "Amy's" knowledge of the memorialization of the sexual abuse, the continued existence of the images, and the widespread dissemination of those images on the Internet.

The government entered Exhibits 1-9, 12 and 13 into evidence at the restitution hearing to support "Amy's" loss calculations. Government's Exhibit #10 and 11 were not admitted into evidence.

## FINDINGS

Based on the parties' briefings on the restitution issue, argument of counsel, and the testimony and evidence presented at the restitution hearing, the Court sets forth below its findings.

(1) The language of Title 18, United States Code §2259 is clear that not withstanding Title 18, United States Code §3663 and in addition to any other civil or criminal penalty authorized by law, the Court *shall* order restitution for any offense under this chapter, *i.e.,* Chapter 110. The use of the word "shall" is explicit and is not to be interpreted as what we would describe as precatory language. There are no provisions that the Court is aware of in either Title 18, United States Code §2259 or in §3664 that relieves the Court of its mandatory obligation to order restitution or inures to the benefit of the defendant in a restitution proceeding for ordering restitution because of any alleged procedural defect.

(2) The offenses for which the defendant was convicted, namely, Distribution of Child Pornography, in violation of Title 18, United States Code §2252A(a)(2) and Possession of Child Pornography in violation of Title 18, United States Code §2252A(a)(5)(B), are offenses codified in Chapter 110 and are offenses that are subject to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), under Title 18, United States Code §2259.

(3) The Court finds, and there is no dispute, that the defendant possessed on his computer images of child pornography that depict "Amy" being sexually abused when she was approximately eight and nine years old (See plea agreement filed on May 6, 2009, (DE 15 and Government's Exhibit # 2), the statement of facts filed in conjunction with the plea agreement on May 6, 2009, (DE 14 and Government's Exhibit # 3), the testimony presented at the August 10,

2009, restitution hearing, and defense counsel's stipulation on the record that the defendant's computer contained images from the "Misty" series of child pornography).

(4) "Amy" is the child victim portrayed in the "Misty" series of child pornography and is now 20 years old.

(5) Title 18, United States Code §2259(c) provides for the definition of the term "victim". Specifically, the term victim means the individual harmed as a result of a commission of a crime under Chapter 110, including in the case of a victim who's under eighteen (18) years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

(6) The Court finds the testimony of Dr. Silberg regarding the harm caused to "Amy" by persons who possess, disseminate, or share the images of "Amy" being sexually abused as a child credible and persuasive. Accordingly, the Court finds that "Amy" was harmed as a result of the criminal conduct engaged in by the defendant, Arthur Weston Staples, III; specifically, the defendant's possession of child pornography that depicted "Amy."

(7) The Court has considered but is not swayed by the defendant's argument that this defendant's conduct was not egregious as compared to other defendants' conduct or that this victim would have suffered harm in the absence of this defendant's criminal conduct. The fact that the victim, "Amy," did not have personal knowledge of this defendant's activities at the time she was evaluated by Dr. Silberg does not negate the harm that "Amy" suffered and continues to suffer as a result of this defendant's possession of images depicting her sexual abuse as a child.

(8) "Amy" is a victim as defined in the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code

§2259, and the defendant, Arthur Weston Staples, III, is required to pay "Amy" the full amount of her losses as a result of the harm she suffered. The "full amount of the victim's losses" includes, among other things, any costs incurred by the victim for medical services relating to physical, psychiatric, or psychological care and lost income.

(9) The full amount of "Amy's" losses in this case include (a) $3,204,353.00 for the loss of future wages and employee benefits through 67 years of age,[1] as well as, (2) $475,800.00 for future treatment and counseling costs through 81 years of age[2] for a total amount of $3,680,153.00.[3]

(10) Considering that a victim cannot receive more restitution payments than she is due and the fact that "Amy" has sought and will seek restitution in other cases involving possession and dissemination of images of her sexual abuse as a child, the Court finds that the defendant should be held jointly and severally liable with other defendants ordered to pay restitution to "Amy" for possessing, receiving, and/or disseminating child pornography.

---

[1] The figures used in calculating the loss amounts for "Amy's" future wages and employee benefits are based upon the tables created by Dr. Smith and admitted into evidence as Government's Exhibit # 8 and in particular Table 3 - Present Value of Net Wage and Benefit Loss. While the Court concluded in the restitution hearing that providing restitution for the loss of future wages and employee benefits up to the age of 67 was appropriate, the restitution amount entered in the Amended Judgment in a Criminal Case (dkt # 28) reflected amounts from the relevant tables based on 65 years of age. It was clearly the intent of the Court to use the figures from the tables based on 67 years of age. Accordingly, this Court construes the restitution amount entered in the Amended Judgment in a Criminal Case (dkt # 28) to be a clerical error, and a Re-Amended Judgment in a Criminal Case (dkt # 42) has been entered pursuant to F. R. Crim. P. 36.

[2] The amount for future treatment and counseling is based upon Table 7 - Present Value of Future Treatment and Counseling Costs created by Dr. Smith and admitted into evidence as Government's Exhibit #8 reduced by the amount calculated for three hospitalizations throughout "Amy's" lifetime. Thus, this total figure reflects one hour of counseling per week at an average rate of $150.00 per hour through the age of 81.

[3] Mr. Marsh, on behalf of "Amy," withdrew his request for any amount for loss of value of life, which arguably could be sought as "any other losses suffered by the victim as a proximate result of the offense." Therefore, the Court did not consider any submissions in support of this claim in ordering restitution.

(11) the defendant has significant assets as outlined in the Pre-Sentence Investigation Report (PSI).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the defendant, Arthur Weston Staples, III, shall pay restitution in the amount of $3,680,153.00 to the victim "Amy," which includes (a) $3,204,353.00 for the loss of future wages and employee benefits and (2) $475,800.00 for future treatment and counseling costs.

In addition, it is **FURTHER ORDERED AND ADJUDGED** that the defendant is jointly and severally liable with other defendants ordered to pay restitution to "Amy" in possession, receipt and/or dissemination of child pornography cases for the total amount of $3,680,153.00 in restitution.

In addition, it is **FURTHER ORDERED AND ADJUDGED** that during the period of incarceration: (1) if the defendant, Arthur Weston Staples, III, earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Restitution Order; or (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25 per quarter toward the financial obligations in this Order.

Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule. **These payments do not preclude the government from using other assets or income of the defendant to satisfy his restitution obligation.**

The assessment and restitution are payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, Dade County, Florida on this 2nd day of September, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:
Jennifer C. Millien
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
505 S. 2nd St. Suite #200
Ft. Pierce, FL 34950
Telephone: (772) 466-0899
Fax: (772) 466-1020
Attorney for the United States
Method of Service: CM/ECF

John A. Keats
john_keats@msn.com
10521 Judicial Drive
Suite 310
Fairfax, VA 22030
Telephone: (703) 273-3190
Attorney for the defendant
Method of Service: CM/ECF

Arthur Brian Brandt

arthur@treasurecoastlawfirm.com
Brandt & Gufford Attorney at Law
516 Camden Avenue
Stuart, FL 34994
Telephone: (772) 221-1922
Fax: (772) 221-1990

Attorney for the defendant
Method of Service: CM/ECF